UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DUY TRUNG TRUONG,

　　　　　　　　　Petitioner,

　　　v.

PAMELA BONDI, et al.,

　　　　　　　　　Respondents.

CASE NO. 2:26-cv-00950-JHC

ORDER

This matter comes before the Court on Petitioner Duy Trung Truong's Petition for Writ of Habeas Corpus.  Dkt. # 1.  Petitioner, a Vietnamese national, is detained under 8 U.S.C. § 1231(a)(6), which permits detention of noncitizens with final orders of removal beyond the 90-day removal period.  Dkt. # 1 at 7 (citing 8 U.S.C. § 1231(a)(6)).  Petitioner argues that he is entitled to habeas relief because (1) though he is subject to a final order of removal, the presumptively reasonable six-month period in which to remove Petitioner elapsed on or about January 25, 2026, Dkt. # 1 at 4–5, 8 ¶¶ 19–25, 37–40 (citing *Zadvydas v. Davis*, 553 U.S. 678, 701 (2001)); and (2) there is no significant likelihood of his removal, because Vietnam will not issue travel documents, and because there is no evidence that the government has obtained or will soon obtain travel documents from any third countries willing to accept Petitioner, *id.* at 6, ¶ 27.

ORDER - 1

After the petition was filed, the Court issued a scheduling order directing Respondents to show cause why a writ of habeas corpus should not be granted.  *See* Dkt. # 2.  The Court finds that Respondents have failed to do so.  The return memorandum contains little argument in opposition and does not show that removal to any country is significantly likely in the reasonably foreseeable future.  *See generally* Dkt. # 4.  Courts in this District very commonly grant habeas petitions in this scenario.  *See, e.g.*, *Pham v. Bondi*, 2025 WL 3122884, at *1–2 (W.D. Wash. Nov. 7, 2025) (granting Vietnamese national's habeas petition after elapse of six-month period after final order of removal because the government could not show any significant likelihood of removal in the reasonably foreseeable future); *Nguyen v. Bondi*, 2025 WL 3534168, at *4–5 (W.D. Wash. Dec. 10, 2025) (same); *Bozorgpasand v. Facility Adm'r*, 2026 WL 171775, at *2–3 (W.D. Wash. Jan. 22, 2026) (same; Iranian national); *Keskin v. Bondi*, 2026 WL 412294, at *3 (W.D. Wash. Feb. 13, 2026) (same; Turkish national).

Accordingly, the Court concludes that Petitioner has shown by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States" and is therefore entitled to habeas relief.  *See* 28 U.S.C. § 2241(c).  The Court thus GRANTS the petition for the writ of habeas corpus (Dkt. # 1) and ORDERS that

(1) Respondents SHALL release Petitioner from detention no later than 5:00 p.m. on April 9, 2026, under appropriate conditions of release; and

(2) Respondents SHALL NOT remove or seek to remove Petitioner to a third country without affording him meaningful notice and an opportunity to be heard in conformity with 8 U.S.C. § 1231(b) and due process.

IT IS SO ORDERED.

//

//

ORDER - 2

Dated this 8th day of April, 2026.

John H. Chun
United States District Judge

ORDER - 3